# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**FILED**

**JUN 08 2022**

## CRIMINAL COVER SHEET

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted along with the Defendant Information Form, for each new criminal case.*

| | |
|---|---|
| **CASE NAME:** USA v. Douglas Jae Woo Kim | **CASE NUMBER:** CRB CR 21-cr-00164 ~~BRC~~ |
| **Is This Case Under Seal?** | Yes    No ✓ |
| **Total Number of Defendants:** | 1 ✓    2-7    8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes    No ✓ |
| **Venue (Per Crim. L.R. 18-1):** | SF ✓   OAK   SJ |
| **Is this a potential high-cost case?** | Yes    No ✓ |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes    No ✓ |
| **Is this a RICO Act gang case?** | Yes    No ✓ |
| **Assigned AUSA (Lead Attorney):** Ross Weingarten | **Date Submitted:** June 8, 2022 |
| **Comments:** | |

RESET FORM    SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO



FILED

JUN 08 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

Douglas Jae Woo Kim

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. §§ 1956(a)(2)(A) –
International Laundering of Monetary Instruments;
18 U.S.C. § 1957 – Money Laundering;
18 U.S.C. §§ 981(a)(1)(C), 982, & 28 U.S.C. § 2461(c) – Criminal Forfeiture

---

A true bill.

/s/ Foreperson of the Grand Jury
                                          Foreman

Filed in open court this __8th__ day of

__June, 2022__

                                          Clerk

                                          Bail, $ No Process

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

**FILED**

JUN 08 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR 21-0164 CRB |
| Plaintiff, ) | |
| ) | VIOLATIONS: |
| v. ) | 18 U.S.C. § 1343 – Wire Fraud; |
| ) | 18 U.S.C. § 1956(a)(2)(A) – |
| DOUGLAS JAE WOO KIM, ) | International Laundering of Monetary Instruments; |
| ) | 18 U.S.C. § 1957 – Money Laundering; |
| Defendant. ) | 18 U.S.C. §§ 981(a)(1)(C), 982, & 28 U.S.C. § |
| ) | 2461(c) – Criminal Forfeiture |
| ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Superseding Indictment:

<u>The Defendant</u>

1.   Douglas Jae Woo KIM was an individual residing in the Northern District of California and elsewhere.

<u>Relevant Entities</u>

2.   Virtual Currency Exchange ("VCE") 1 was a virtual currency exchange platform based in Seattle, Washington.

3.   VCE 2 was a virtual currency exchange platform based in New York, New York.

SUPERSEDING INDICTMENT                     1

4. VCE 3 was a virtual currency exchange platform based outside of the United States.

5. VCE 4 was a virtual currency exchange platform based in San Francisco, California.

6. VCE 5 was a virtual currency exchange platform based in San Francisco, California.

7. Gambling Site 1 was an online gambling website that accepts cryptocurrency based and operated outside of the United States.

8. Gambling Site 2 was an online gambling website that accepts cryptocurrency based and operated outside of the United States.

Background Regarding Virtual Currencies

9. Virtual currencies are digital representations of value that are transacted through online networks or the Internet and are not backed by a government. Bitcoin ("BTC") and Ether ("ETH") are two of the most commonly known virtual currencies.

10. Virtual currency addresses are specific virtual locations to which such currencies are sent and received. A virtual currency address is analogous to a bank account number and is represented as a string of letters and numbers. Each virtual currency address is controlled using a unique corresponding private key, a cryptographic equivalent of a password needed to access the address. Only the holder of an address's private key can authorize a transfer of virtual currency from that address to another address.

11. A virtual currency wallet is a software application that interfaces with the virtual currency's specific blockchain and generates and stores a user's addresses and private keys. It also allows users to send and receive virtual currencies. Multiple addresses can be stored in a wallet.

12. A Virtual Currency Exchange ("VCE") is a business that allows customers to buy, sell, or trade virtual currency. Many VCEs also store virtual currency on behalf of their customers in wallets accessible by customers but controlled by the VCE.

13. VCEs 1, 2, 3, 4, and 5 are exchanges that offer their users the ability to trade virtual currencies via the Internet. Users of VCEs 1, 2, 3, 4, and 5 can access their accounts via the Internet with their email address or a user identification and a unique password, and through access to those accounts, can store, access, move, or trade virtual currency.

14. Bitcoin ("BTC") is a form of decentralized, convertible virtual currency that exists on a blockchain. The currency is not issued by any government, bank, or company, but rather is generated

and controlled through computer software operating via a decentralized network. BTC is typically acquired by purchasing it from a virtual currency exchange. The BTC blockchain is a public transaction ledger that includes a record of every BTC transaction that has ever occurred.

15. Ether ("ETH") is a virtual currency that is open source, public, has a blockchain, and is distributed on a platform that uses "smart contract" technology. Smart contracts are computer protocols that automatically execute according to the terms of the contract written into the lines of code within the computer protocols. These protocols are also sometimes called self-executing contracts. The contract transaction on the Ethereum blockchain is both traceable and irreversible.

16. Tether ("USDT") is a stablecoin, a type of cryptocurrency that aims to keep the price of their tokens stable, most commonly by tying it to the price of a traditional currency like the U.S. dollar, with the aim of reducing or eliminating the volatility and fluctuations of the price of virtual currency.

## THE SCHEME TO DEFRAUD

17. Beginning in or around October 2017 and continuing until at least in or around October 2020, KIM carried out a scheme to defraud individuals. To obtain money for his own use, KIM defrauded victims, in part, by representing to them that he would trade or invest cryptocurrency provided by the individuals to make a profit, and by concealing the fact that KIM used the funds he obtained to gamble in online platforms or to pay back others who had previously loaned KIM cryptocurrency or U.S. Dollars.

18. As part of the scheme to defraud, KIM made it appear, falsely, that he was a legitimate cryptocurrency trader seeking short-term liquidity in the form of loans or investments for cryptocurrency trading or other legitimate business purposes when, in fact, he largely transferred the funds he received to offshore, online gamble sites.

19. Also as part of the scheme to defraud, KIM told victims that the loans carried no risk or very low risk and promised his victims high rates of return on their loans. KIM represented to victims that he possessed sufficient funds to personally guarantee the loans. After convincing his victims that the money or cryptocurrency they provided to him would be used for business purposes or to trade or invest cryptocurrency, KIM's victims would either transfer cryptocurrency to a cryptocurrency wallet provided by and controlled by KIM, or would wire U.S. dollars to a bank account provided to them by

KIM and controlled by KIM. KIM appropriated these assets for his own personal use, including by repeatedly exchanging investments he received in U.S. dollars into cryptocurrency, and then transferring all or a portion of the cryptocurrency assets he obtained to online gambling sites operating outside the United States.

20. At various times throughout the scheme, KIM also used the money or cryptocurrency he obtained from his victims to pay back earlier victims who had previously made investments, in a manner that was consistent with a classic Ponzi scheme. For example, on or about March 2, 2018, KIM used funds received pursuant to a loan from an individual, J.K., to pay back another individual, A.B., who had previously loaned cryptocurrency to KIM. Then, on or about March 10, 2018, KIM used funds loaned to him by yet another individual, C.R., to pay back the loan made to him approximately one week earlier by J.K.

21. Having devised and intending to devise this scheme and artifice to defraud, and to obtain money and property from investors by means of false and fraudulent pretenses, representations, and promises, KIM transmitted and caused to be transmitted, by means of wire and interstate and foreign commerce, writings and other signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud as further alleged herein. These wire transmissions include wire transfers of funds between U.S. banks, text messages sent through mobile telephone networks, email communications, and electronic access to VCE accounts via the Internet.

COUNTS ONE THROUGH SIX: (18 U.S.C. § 1343 – Wire Fraud)

22. Paragraphs 1 through 21 of this Superseding Indictment are re-alleged and incorporated as if fully set forth here.

23. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

DOUGLAS JAE WOO KIM,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts, and, for the purpose of executing such scheme and artifice to defraud and attempting to

do so, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, on the dates and as described below:

| Count | Date | Description |
|---|---|---|
| 1 | May 30, 2018 | Electronic message from KIM to individual, J.K., confirming a cryptocurrency address for a proposed loan of cryptocurrency. |
| 2 | October 23, 2018 | Wire transfer of $20,000 by an individual, J.S., from a J.P. Morgan Chase bank account to KIM's Bank of America account ending 0203 held in the Northern District of California. |
| 3 | May 21, 2019 | Electronic message from KIM to an individual, J.K., confirming transactions for BTC and USDT, which KIM received in two cryptocurrency wallet addresses, one starting with "15N8Wa" (BTC) and one starting with "3Q2vRE" (USDT). |
| 4 | June 20, 2019 | Wire transfer of $30,000 by an individual, D.W., from a J.P. Morgan Chase bank account to a Bank of America bank account ending 0203 belonging to KIM held in the Northern District of California. |
| 5 | June 27, 2019 | Wire transfer of $30,000 by an individual J.B., from a Wells Fargo bank account to KIM's Bank of America bank account ending 0203 held in the Northern District of California. |
| 6 | July 12, 2019 | Electronic message from KIM to individuals, C.R. and R.R., confirming receipt of ETH, which KIM received at cryptocurrency wallets starting with "0x1E84" and "0x7d57". |

All in violation of Title 18, United States Code, Section 1343.

COUNTS SEVEN THROUGH FOURTEEN: (18 U.S.C. §§ 1956(a)(2)(A) and 2 – International Laundering of Monetary Instruments)

24.     Paragraphs 1 through 23 of the Superseding Indictment are realleged and incorporated as if fully set forth here.

25.     On or about the dates alleged below, in the Northern District of California and elsewhere, the defendant,

DOUGLAS JAE WOO KIM,

did knowingly transmit and transfer monetary instruments listed in the table below, from or to a place outside the United States, to or from a place inside the United States, with intent to promote the carrying on of the specified unlawful activity of wire fraud in violation of 18 U.S.C. § 1343, and in doing so did conduct the financial transactions listed in the chart below:

| Count | Date | Amount (Approximate) | Description |
|---|---|---|---|
| 7 | December 1, 2017 | Approximately 6.796 BTC | Transfer of BTC received from an individual, T.H., from KIM's VCE 1 account to an account at Gambling Site 1. |
| 8 | March 2, 2018 | Approximately .96 BTC | Transfer of BTC received from an individual, J.K., from KIM's VCE 1 account to an account at Gambling Site 1. |
| 9 | July 16, 2018 | Approximately 3.5 BTC | Transfer of BTC received from an individual, A.B., from KIM's VCE 4 account to an account at Gambling Site 1. |
| 10 | October 23, 2018 | $19,500 | Transfer of funds from KIM's Bank of America account ending 0203 held in the Northern District of California that were received from an individual, J.S., to KIM's VCE 2 account, where the funds were exchanged into BTC and then transferred to KIM's VCE 3 account, and then transferred to an account at Gambling Site 1. |
| 11 | May 21, 2019 | Approximately 6.9 BTC | Transfer of BTC and USDT received from an individual, J.K., from KIM's VCE 4 account to an account at Gambling Site 2 controlled by KIM. |
| 12 | June 25, 2019 | Approximately 20 BTC | Transfer of BTC received from a fund, C.C.F., from KIM's VCE 3 account to an account at Gambling Site 2 controlled by KIM. |
| 13 | July 12, 2019 | Approximately 23.47 BTC | Transfer of BTC received from an individual, C.R., from KIM's VCE 4 account to an account at Gambling Site 2 controlled by KIM. |
| 14 | October 25, 2020 | Approximately .191 BTC | Transfer of BTC received from an individual, O.S., from cryptocurrency wallets controlled by KIM to an account at Gambling Site 2. |

All in violation of Title 18, United States Code, Section 1956(a)(2)(A).

COUNT FIFTEEN: (18 U.S.C. § 1957 – Laundering of Monetary Instruments)

26. Paragraphs 1 through 25 of the Superseding Indictment are realleged and incorporated as if fully set forth here.

27. On or about June 27, 2019, in the Northern District of California and elsewhere, the defendant,

DOUGLAS JAE WOO KIM,

did knowingly engage in a monetary transaction by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is,

the transfer of funds in the amount of $30,000.00 from a Bank of America account ending 0203 that belonged to KIM, which was received via loan by an individual, J.B., into an account at VCE 2 controlled by KIM, followed by the transfer of cryptocurrency to an account at Gambling Site 2 controlled by KIM, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343, all in violation of Title 18, United States Code, Section 1957.

COUNT SIXTEEN: (18 U.S.C. § 1957 – Laundering of Monetary Instruments)

28. Paragraphs 1 through 27 of the Superseding Indictment are realleged and incorporated as if fully set forth here.

29. On or about August 16, 2019, in the Northern District of California and elsewhere, the defendant,

DOUGLAS JAE WOO KIM,

did knowingly engage in a monetary transaction by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds in the amount of $60,000.00 from a Bank of America account ending 0203 that belonged to KIM, which was received via loan by an individual, L.D., into an account at VCE 2 controlled by KIM, followed by the transfer of cryptocurrency to an account at Gambling Site 2, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343, all in violation of Title 18, United States Code, Section 1957.

COUNT SEVENTEEN: (18 U.S.C. § 1957 – Laundering of Monetary Instruments)

30. Paragraphs 1 through 29 of the Superseding Indictment are realleged and incorporated as if fully set forth here.

31. On or about June 2, 2020, in the Northern District of California and elsewhere, the defendant,

DOUGLAS JAE WOO KIM,

did knowingly engage in a monetary transaction by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds in the amount of $15,000.00 from a Fidelity account ending 7061 that belonged to

KIM, which was received via loan by an individual, M.Y., to a Citibank account ending 4319 owned by an individual, D.X., such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343, all in violation of Title 18, United States Code, Section 1957.

<u>FORFEITURE ALLEGATION</u>: (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)) (Criminal Forfeiture)

32. All of the allegations contained in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

33. Upon a conviction for the offense alleged in Counts One through Six of this Superseding Indictment, the defendant,

**DOUGLAS JAE WOO KIM,**

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the result of the violation, including, but not limited to, a forfeiture money judgment.

34. If any of the aforementioned property, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

35. Upon conviction of the offenses in Counts Seven through Seventeen of this Superseding Indictment, the defendant,

**DOUGLAS JAE WOO KIM,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in a violation of Title 18, United States Code, Section 1956 or any property traceable to such property. The United States will also seek a forfeiture money judgment

SUPERSEDING INDICTMENT            8

against each defendant equal to the value of any property, real or personal, involved in these offenses, or property traceable to such property.

32. If any of the property described above, because of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Sections 2323(b) and 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: June 8, 2022                                                       A TRUE BILL.

                                                                         /s/
                                                                  FOREPERSON

STEPHANIE M. HINDS
United States Attorney

      /s/
ROSS WEINGARTEN
CLAUDIA QUIROZ
Assistant United States Attorneys

SUPERSEDING INDICTMENT                               9

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☒ SUPERSEDING

**— OFFENSE CHARGED —**

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. §§ 1956(a)(2)(A) –
International Laundering of Monetary Instruments;
18 U.S.C. § 1957 - Money Laundering
18 U.S.C. §§ 981(a)(1)(C), 982, & 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  See attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JUN 08 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**— DEFENDANT - U.S —**
▶ Douglas Jae Woo Kim

DISTRICT COURT NUMBER
21-CR-00164 CRB

**— PROCEEDING —**

Name of Complaintant Agency, or Person (& Title, if any)
FBI Special Agent Jennifer C Barnard

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form     Stephanie M. Hinds
                    ☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Ross Weingarten

**— DEFENDANT —**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   } If "Yes" give date
been filed?    ☐ No        filed

DATE OF ▶    Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT       Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:            Before Judge:

Comments:

# Penalty Sheet Attachment

# United States v. Kim, 21-cr-00164 CRB



FILED

JUN 08 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

### Counts 1-6: Wire Fraud, 18 U.S.C. § 1343

- Maximum Sentence: 20 years
- Maximum Fine: $250,000.00 or twice the gross gain or loss
- Maximum Length of Supervised Release: 3 years
- Restitution
- Special Assessment of $100 per felony count
- Forfeiture

### Counts 7-14: International Laundering of Monetary Instruments, 18 U.S.C. § 1956(a)(2)(A)

- Maximum Sentence: 20 years
- Maximum Fine: $500,000 or twice the value of the monetary instrument or funds involved, whichever greater
- Maximum Length of Supervised Release: 3 years
- Restitution
- Special Assessment of $100 per felony count
- Forfeiture

### Counts 15-17: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, 18 U.S.C. § 1957

- Maximum Sentence: 10 years
- Maximum Length of Supervised Release: 3 years
- Maximum Fine: $250,000.00 or twice the amount of the criminally derived property involved in the transaction
- Restitution
- Special Assessment of $100
- Forfeiture