ROGERS JOSEPH O'DONNELL
Dean D. Paik (State Bar No. 126920)
dpaik@rjo.com
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for Defendant
DOUGLAS JAE WOO KIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS JAE WOOD KIM,<br><br>Defendant. | Case No. 3:21-CR-00164-CRB-1<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b)**<br><br>Date:      June 16, 2023<br>Time:      1:30 p.m.<br>Judge:     Hon. Charles R. Breyer |

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

I.      INTRODUCTION

In its opposition to Mr. Kim's motion to dismiss the money laundering counts, the government fails to address Mr. Kim's arguments.  Rather it creates meritless strawman arguments not relevant to the actual arguments Mr. Kim raised in his motion.

For Mr. Kim's challenge to the government's money laundering counts pursuant to 18 U.S.C. § 1956(a)(2)(A), it argues that the counts comply with the general pleadings requirements contained in Fed.R.Crim.Pro 7(c).  But Mr. Kim did not challenge the government's money laundering counts as being inadequately pled.  Rather, pursuant to another rule, Fed.R.Crim.Pro 12(b), he argues that the counts, even if adequately pled, fail to state an offense even when assuming all the allegations in the counts are true.  The money laundering counts fail because 18 U.S.C. § 1956(a)(2)(A) requires the government prove that Mr. Kim intended to promote the underlying offense of wire fraud by moving the loan proceeds yet the superseding indictment alleges he moved the proceeds for a personal use, gambling, which, according to settled case law, can never be promotion.

For Mr. Kim's challenge to the government's money laundering counts pursuant to 18 U.S.C. § 1957, it argues that his motion to dismiss is premature because the issue of whether the "proceeds" alleged in the money laundering counts are profits or gross receipts should await determination at trial. *United States v. Santos*, 553 U.S. 507 (2008). But Mr. Kim did not challenge that the "proceeds" alleged in the money laundering counts were receipts, not profits.  Rather, he moved to dismiss because the funds involved in the financial transactions were not from a previously completed criminal activity, *i.e.*, wire fraud. The government alleged that Mr. Kim misused the loaned funds by sports betting or paying prior lenders.  The movement of funds to the sports betting site or to pay others was the wire fraud so that the wire fraud could not possibly have been completed prior to the movement of funds.

Aside from raising red herrings, the government did not address in any way the merits of Mr. Kim's arguments to dismiss the money laundering counts pursuant to either section and the Court should dismiss them with prejudice.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

For Mr. Kim's challenge to the wire fraud counts, the government concedes the Court can consider the parties' written loan agreements as undisputed extrinsic evidence. Those written agreements, before the Court as a part of the record, place no restrictions whatsoever on Mr. Kim's use of the loaned funds, a fact the government does not dispute. Based on dicta from a single case, however, the government maintains the Court should await the government's presentation at trial on fraudulent intent.  But other courts have granted motions to dismiss after considering extrinsic evidence without waiting for the government's presentation at trial because, in light of the extrinsic evidence, the government could not possibly prove fraudulent intent.

These courts did so, because the extrinsic evidence established that the defendant could not have possibly had the requisite intent to defraud.  Mr. Kim could not have had the requisite intent because the written loan agreements authorized him to use the loaned funds as he saw fit without restriction.

## II.    ARGUMENT

### A.    The 18 U.S.C. § 1956(a)(2)(A) Money Laundering Counts Seven To Fourteen.

#### 1.    Even If The Money Laundering Counts Are Sufficient Under Fed.R.Crim.Pro. Rule 7(c), They Still Fail To State Offenses Under Fed.R.Crim.Pro. Rule 12(b).

The government argues that because the money laundering counts in the superseding indictment meet the general pleading requirements contained in Fed.R.Crim.Pro. Rule 7(c), *i.e.*, they state the basic elements of the charged offense and gives the defendant fair warning of the allegations, the indictment is insulated from challenge pursuant to Rule 12(b) for failure to state an offense. United States' Opposition To Defendant's Motion To Dismiss Pursuant To Fed.R.Crim.Pro. 12(b), ("Opp.") at 10:19-11:8.  The government is wrong because an indictment can meet basic pleading requirements yet fail to state an offense.

Fed.R.Crim.Pro. Rule 7(c) provides the general pleading requirements for indictments.  Rule 7(c) generally mandates that the indictment "be a plain, concise, and

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

definite written statement of the essential facts constituting the offense charged . . ."

Fed.R.Crim.Pro. Rule 7(c)(1).  The rule requires that the indictment: "first, contains the

elements of the offense charged and fairly informs a defendant of the charge against which he

must defend, and, second, enables him to plead an acquittal or conviction in bar of future

prosecutions for the same offense." *United States v. Bonallo*, 858 F.2d 1427, 1430 (9th Cir.

1988)(*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Fed.R.Crim.Pro. 12(b), on the other hand, provides that a defendant may raise

by pretrial motion defenses "that the court can determine without a trial on the merits."

Fed.R.Crim.Pro. Rule 12(b)(1).  Rule 12(b)(b)(3) enumerates a list of defenses or objections

on which the defendant may move to dismiss the indictment none of which involves a

challenge to the general pleading requirements in Rule 7(c), such as improper venue,

preindictment delay, violation to the constitutional right to a speedy trial, selective or

vindictive prosecution and failure to state an offense. Fed.R.Crim.Pro. 12(b)(3)(A) and (B).

As the Supreme Court noted:

> Federal Rule of Criminal Procedure 12(b)(1) states that: "Any
> defense or objection which is capable of determination without
> the trial of the general issue may be raised before trial by
> motion." A defense is thus "capable of determination" if trial of
> the facts surrounding the commission of the alleged offense
> would be of no assistance in determining the validity of the
> defense.

*United States v. Covington*, 395 U.S. 57, 60 (1969).

The government fails to address Mr. Kim's argument that the money

laundering counts in the superseding indictment fail to state an offense pursuant to Rule

12(b), but argues that the money laundering charges meet the basic pleading requirements of

Fed.R.Crim.Pro. Rule 7(c). Opp. at 10:19-11:8.[1]  Whether the money laundering counts met

---

[1] In *United States v. Bonallo*, cited by the government, the indictment did not specify which
subsection of 18 U.S.C. § 1344, bank fraud, the defendant violated.  Defendant challenged the
indictment because it failed to allege a violation under the correct subsection of 1344.  *Id.* at
1430. The court rejected the defendant's argument because the facts alleged constituted a
violation of one of the subsections even though the indictment failed to allege which
subsection the defendant was alleged to have violated.  *Id.*  The court held that under
Fed.R.Crim.Pro. 7(c) the defendant received adequate notice of the charges so that the

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

the general pleading requirements of Rule 7(c) does not help the government as it is irrelevant to Mr. Kim's argument that they failed to state an offense pursuant Rule 12(b).

Mr. Kim is not challenging the government's general pleading of the money laundering counts in the superseding indictment. The government has specifically alleged that Mr. Kim violated 18 U.S.C. §1956(a)(2)(A). Mr. Kim's motion argues that the facts as alleged in the superseding indictment fail to allege a violation of the money laundering statute as a matter of law. Staying within the four corners of the superseding indictment, Mr. Kim could not have committed a violation of subsection (A) because the indictment alleged he moved the loaned funds to gamble, a personal use, not promotion. For that matter, he could not have violated the other subsection of 18 U.S.C. §1956(a)(2)(B), because he could not have intended to conceal the loaned funds because gambling is not an act of concealment.

The government otherwise did not challenge Mr. Kim's argument that counts seven through fourteen alleging violations of 18 U.S.C. §§1956(a)(2)(A) failed to state an offense as a matter of law. In fact, it never addresses Rule 12(b) or the requirements of 18 U.S.C. §1956(a)(2)(B) at all.

The government did not in any way challenge that:

- The superseding indictment alleges in counts seven to fourteen that Mr. Kim moved the loaned funds to sports betting sites in order to gamble;

- The superseding indictment alleges that Mr. Kim's alleged gambling was a personal use;

- 18 U.S.C. § §1956(a)(2)(A) requires that the government prove that Mr. Kim moved the funds with the intent to promote the alleged scheme to defraud; and

---

government's failure to allege a specific subsection did not prejudice him. *Id*. at 1341.

Similarly, *United States v. Markee*, 425 F.2d 1043 (9th Cir. 1970), also involved a challenge pursuant to Fed.R.Crim.Pro 7(c). The defendant argued that the government should have specified which of two false documents he was alleged to have submitted to the Federal Housing Administration. *Id*. at 1047. The court rejected the argument holding that Rule 7(c) was not violated because the defendant "had complete access to the government's evidence prior to trial and no contention is made that he was not aware of the two theories upon which the government hoped to prove its case." *Id*. at 1048.

Neither case dealt with Fed.R.Crim.Pro. 12(b) and in no way suggested that an indictment sufficiently alleging the elements to apprise the defendant and pled double jeopardy is immune from challenge that it fails to state an offense pursuant to Rule 12(b).

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

- That, as a matter of law, personal use, such as gambling, cannot constitute promotion.

The Court can decide Mr. Kim's motion to dismiss without a trial on the merits and the government does not even attempt to address the merits of Mr. Kim's arguments. The Court should dismiss counts seven to 14 with prejudice.[2]

## B.   The 18 U.S.C. § 1957 Money Laundering Counts 15 To 17

### 1.   The Proceeds Alleged In The Money Laundering Counts Were Not The Product Of Completed Offenses And Mr. Kim Does Not Challenge Whether They Represented Profits.

The government argues that Mr. Kim "[r]aises potential merger issues with money laundering identified in *United States v. Santos*, 553 U.S. 507 (2008)."  Opp. at 12:22-25.  But Mr. Kim does not challenge the government's money laundering counts under *Santos*, *i.e.*, that the "proceeds" alleged in the money laundering counts are not profits, but raises a completely different challenge, that the "proceeds" were not generated from a completed crime, the alleged wire fraud.

In *Santos*, the defendant operated an illegal lottery employing runners and collectors to gather bets and pay winners.  *Id*. at 509.  The payments to these runners, collectors and winners formed the basis for defendant's convictions of the money laundering statutes.  *Id*.

Defendant challenged his money laundering convictions arguing that the terms "proceeds" appearing in the money laundering statutes meant profits, not gross receipts.  *Id*. at 510.  The Supreme Court agreed.

In discussing whether "proceeds" were profits or gross receipts, the Supreme Court described what it termed a "merger problem."  *Id*. at 515-16.  The "merger problem" the Court described was that if the term "proceeds" did not equate to profits, the government could charge any payment of funds, even costs, *e.g*., the payments of winning bets, payments

---

[2] The government argues that its presentation before the grand jury is irrelevant to deciding Mr. Kim's motion pursuant to Rule 12(b). Opp. at 11:9-22.  The government's presentation before the grand jury was certainly consistent with the allegations in the superseding indictment that Mr. Kim's allegedly gambling was strictly for a personal use, not for promotion.  Regardless, the Court can grant Mr. Kim's motion and dismiss the 18 U.S.C. § 1956(a)(2)(A) counts just by examining the four corners of the superseding indictment.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

by the initial recipient of criminal proceeds to "his confederates their shares," as a money laundering offense. *Id.* at 516. The underlying offense, such as the illegal gambling at issue in *Santos*, would thereby "merge" into the more serious money laundering offenses. *Id.*

As the Supreme Court noted: "[g]enerally speaking, any specified unlawful activity, an episode of which includes transactions which are not elements of the offense and in which a participant passes receipts on to someone else, would merge with money laundering." *Id.*

Misinterpreting Mr. Kim's challenge as a *Santos* argument, the government argues that Mr. Kim's motion is "premature" because "[a]ny Santos merger issue would have to be examined at trial once the evidence underlying the money laundering counts has been adduced, as Santos concerns cannot serve as a basis to dismiss an indictment." Opp. at 13:7-9.

The government's "merger" argument is a red herring. The "merger problem" identified in *Santos* is not at issue in Mr. Kim's motion to dismiss counts fifteen to seventeen of the government's superseding indictment. Mr. Kim does not maintain he has costs incurred in connection with his alleged wire fraud which need to be deducted or that his lender repayments should be deducted as costs.[3]

_____

[3] The cases cited by the government for the proposition that issues of profit versus receipts should await determination at trial are, accordingly, inapposite. *See United States v. Lonich*, 2016 WL 324039, *33-34 (N.D. Cal. Jan. 27, 2016) (whether government will introduce sufficient evidence that laundered proceeds were profits at trial); *United States v. Sarad*, 2014 WL 127973, at *2 (E.D. Cal. Jan. 14, 2014) (whether payments for publicity were expenses to promote the scheme should be decided at trial); *United States v. Catapano*, 2008 WL 4107177, at *2(E.D.N.Y. Aug. 12, 2008)(whether the government may be able to prove profits at trial); *United States v. Martin*, 2009 WL 330867, at *11 (W.D. Mo. Feb. 9, 2009) (whether the government will introduce sufficient evidence that the alleged laundered funds were profits cannot be resolved prior to trial); *United States v. Armstrong*, 2008 WL 5068601, at *1 (E.D. Mich. Nov. 19, 2008)("Whether or not the jury instruction should state that the term 'proceeds' means 'profits' is for another day."); *United States v. Grasso*, 724 F.2d 1077 (9th Cir. 2013) (involved challenges to convictions following a trial); *United States v. Kennedy*, 707 F.3d 558, 562 (5th Cir. 2013)(involved challenges to convictions following a trial.). Questions about whether "proceeds" involved receipts or profits could involve factual questions about whether amounts expended were costs, but the issues Mr. Kim has raised, whether the wire fraud alleged was a completed crime before the transfer or, rather, whether the transfer itself constituted the wire fraud can be answered by examining the four corners of the superseding indictment.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

Mr. Kim correctly argues that the "proceeds" charged in counts fifteen to seventeen were not generated from a completed offense because the wire fraud was not completed before the movement of funds.  Because the government cannot dispute Mr. Kim's argument it sets up a strawman argument.  Yet fails to address the merits.  It fails to address or even discuss for that matter any of the cases Mr. Kim cited in his opening brief establishing the rule that "proceeds" must be obtained from prior, completed criminal activity. Defendant's Notice Of Motion And Motion To Dismiss Pursuant To Fed.R.Crim.Pro. 12(b); Memorandum Of Points And Authorities In Support Therefore, ("Opening Br.") at 14:17-15:16 (collecting cases).

It is undisputed that:

- The underlying offense of wire fraud alleged in the superseding indictment is Mr. Kim's alleged misuse of loaned funds to sports bet or pay other lenders;

- The wire fraud was not a completed offense until the funds were misused;

- 18 U.S.C. § 1957 requires that funds involved in a monetary transaction be from a prior, completed criminal activity; and

- As a matter of law, counts 14 to 17 fail because the wire fraud offenses could not be completed before the monetary transactions.

It is not enough to ignore the argument.  The Court should dismiss counts 14 to 17 with prejudice.

## C.   The Wire Fraud Counts

### 1.   The Court Should Use The Undisputed Extrinsic Evidence – The Parties' Written Loan Agreements – To Dismiss.

The government argues that Mr. Kim's challenges to "[t]he wire fraud counts go to the sufficiency of the evidence and are not proper in a motion to dismiss at this stage of the litigation." Opp. 6:6-7.  The government cites a lone case *United States v. Thordarson,* 646 F.2d 1323 (9th Cir. 1981) in support. *Id.* The government is wrong.

In *United States v. Thordarson*, defendant union officials were charged with converting union funds because they used the funds to destroy the trucks of the recalcitrant employer company which failed to recognize the union – a use, while illegal, arguably in

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

1   support of union activities.  The district court dismissed the indictment charging a violation of

2   29 U.S.C. § 501(c) prohibiting a union officer from converting union funds because the

3   indictment failed to allege the essential elements of: (1) fraudulent intent to deprive the union

4   of its funds and (2) the lack of union authorization or good faith belief in benefit to the union.

5   646 F.2d at 1332.  The Ninth Circuit reversed holding that the two were not elements of a 29

6   U.S.C. § 501(c) charge.  646 F.2d at 1334.

7          In *dicta*, the court noted in a footnote that the district court's doubts "that

8   fraudulent intent could be proved at trial" could not be a basis for dismissing the section

9   501(c) charges.  *Id.* at 1337, n. 25.

10          Mr. Kim is not arguing that the superseding indictment failed to allege any

11   essential elements.  Rather he is arguing that even assuming the government has alleged all

12   the essential elements of wire fraud, the court should use the undisputed extrinsic evidence –

13   the parties' written loan agreements – to decide whether the government failed to allege an

14   offense pursuant to Fed.R.Crim.Pro. 12(b).

15          As for *Thordarson's dicta*, courts grant motions to dismiss based on undisputed

16   extrinsic evidence where the evidence demonstrates that the government is incapable of

17   providing the required criminal intent to defraud.  *See e.g.*, *United States v. Levin*, 973 F.2d

18   463, 470 (6th Cir. 1992)(court affirms that "the district court concluded from *undisputed*

19   *extrinsic evidence* that a Federal Rule of Criminal Procedure 12(b) pretrial motion to dismiss

20   the indictment was well-taken because the government was, as a matter of law, incapable of

21   proving beyond a reasonable doubt **the intent required** to convict the appellees of the

22   controversial counts of the indictment which were dismissed with prejudice.")(emphasis

23   added); *accord United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)("[I]t is permissible

24   and may be desirable where the facts are essentially undisputed, for the district court to

25   examine the factual predicate for an indictment to determine whether the elements of the

26   criminal charge can be shown sufficiently for a submissible case.")(*quoting United States v.*

27   *Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991)).

28

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

### 2.    The Court Should Strike The Government's "Proffered" Facts Because It Did Not Offer Any Evidence In Support.

While the government concedes that the Court may examine the parties' written loan agreements attached as exhibits to the Paik Decl. in considering the motion to dismiss – the *General Dynamics Corp.* court "[r]ejected the government's argument that the contract should not be considered in the motion to dismiss the indictment," (Opp. at 8:18-20), it, nevertheless, complains that Mr. Kim has "cherry-picked" the evidence so that it must "proffer[]" its own evidence.  (Opp.6:14-8:7).[4]

The government, however, failed to submit a declaration or affidavit in support of its "proffered facts."  The local rules for the Northern District of California require that factual contentions be supported by a declaration or affidavit from a competent witness.  *See* Civil Local Rule 7-5(a) of the Northern District of California made applicable by Criminal Rule 47-2(b)(" Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.").

And the government's "proffered facts" do not appear in the superseding indictment.  For instance, the government "proffers" an exchange between Mr. Kim and lender on August 14, 2018 leading to a loan. (Opp. at 7:10-15).  The superseding indictment makes no mention of any such "exchange" and the government does not provide any competent evidence it occurred.  Because the government fails to provide any "evidence" of the exchange, Mr. Kim is denied the opportunity to rebut the government's "proffer" by placing any supposed "exchange" – even if it did occur – in proper context.  Mr. Kim moves to strike the "proffered facts" in pages 6:14-8:7 of the government's opposition and requests the Court disregard them.

The Court should consider the parties' written loan agreements because as Mr. Kim and the government agree *General Dynamics Corp.* allows it to do so.  The Court

---

[4] The government notes that "[i]f the Court is persuaded by Defendant's arguments, it should also evaluate the allegations in context and look at the exchanges between Defendant and the victims that led to the creation of such contracts and dispensation of funds."  (Opp. at 10:4-6).  But, as discussed, the government failed to provide the Court and Mr. Kim with any evidence of "the exchanges between Defendant and the victims" and the superseding indictment contains unhelpful conclusory assertions about the parties' interactions.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1

should ignore the government's "proffered facts" because the local rules of this Court prohibit it from doing so.

### 3. Mr. Kim Could Not Have Intended To Defraud Because The Parties' Written Loan Agreements Allowed Him To Use The Loans As He Saw Fit.

The parties agree that *United States v. Miller,* 953 F.3d 1095 (9th Cir. 2020), provides the relevant guidance on the fraudulent intent the government must prove.[5]  *Miller* requires the government to prove that Mr. Kim intended to cheat his lenders, not merely deceive them.  *Id.* at 1103.  Because the loan agreements authorized any use of the loaned funds, Mr. Kim could not have sought to cheat the lenders.

The government argues that *General Dynamics Corp.* does not support Mr. Kim's argument because that court denied the defendant's motion to dismiss without prejudice.  (Opp. at 9:3-5).  However, the court denied defendant's motion because the contracts at issue in *General Dynamics Corp.* were complex government contracts "with the words, laws and regulations that pervade the area of military contracting."

The *General Dynamics Corp.* court noted that the contract before it could well be ambiguous if it contained "no words of art."  *U.S. v. General Dynamics Corp.,* 644 Supp. 1497, 1501 (C.D. Cal 1986) ("If this Court felt certain that the Contract included 'no words of art, but only words of common understanding and use' then it may feel constrained to hold the Contract is so ambiguous and so susceptible of differing reasonable interpretations that the indictment should be dismissed at this time . . . ").  But because the court believed an expert or one familiar "with the words, laws and regulations that pervade the area of military contracting" might have a different view, the court was compelled to deny the motion without

---

[5] The government suggests that to the extent Mr. Kim is arguing that "[t]here has to be a finding of ultimate harm, or financial loss, the argument is foreclosed."  (Opp. at 9:14-5).  Mr. Kim's motion is based on his intent, not whether there was ultimately a loss sustained. Regardless, to the extent that *United States v. Molinaro,* 11 F.3d 853 (9 Cir, 1993), suggests that the government need only prove that Mr. Kim intended to deceive his lenders into lending based on false pretenses, *United States v. Miller* overruled *Molinaro:* "we therefore overrule our prior cases on this question and hold that wire fraud requires the intent to deceive *and* cheat - in other words, to deprive the victim of money or property by means of deception."  *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020)(emphasis in original).

561652.1

1  prejudice. *Id*. at 1502.

2  Mr. Kim's loan agreements with the lenders are simple, straightforward

3  agreements which clearly allow him to use the loaned funds for any purpose he deemed fit.

4  The agreements were not burdened with terms of art or technical terms.  Indeed, one grand

5  juror seemingly not advantaged by any specialized expertise concluded: "I looked at the loan

6  agreements, and there's nothing in the loan agreement that says what he is supposed to do

7  with the money.  Was there anything in writing where they said, 'You're only allowed to use

8  it for this purpose.'"  Paik Decl.; Exh. 16 at 126:25-127:4.

9  Because the loan agreements in question are simple, common and

10  straightforward, this is one of the "[i]nstances when a Rule 12 (b) motion of this type should

11  be granted." *General Dynamics Corp*. at 1502.

12  **III.    CONCLUSION**

13  Based on the foregoing and his opening brief, Mr. Kim requests pursuant to

14  Federal Rule of Criminal Procedure 12(b) that the Court dismiss counts 1, 3, 6, and 7 to 17 of

15  the superseding indictment with prejudice.

16

17  Dated:  May 24, 2023                    ROGERS JOSEPH O'DONNELL

18

19  By: /s/ Dean D. Paik

20  DEAN D. PAIK

21  Attorneys for Defendant
    DOUGLAS JAE WOO KIM

22

23

24

25

26

27

28

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CRIM PRO. 12(b) – Case No: 3:21-CR-00164-CRB-1

561652.1