ROGERS JOSEPH O'DONNELL
Dean D. Paik (State Bar No. 126920)
dpaik@rjo.com
Lauren K. Sujeeth (State Bar No. 259821)
lsujeeth@rjo.com
S. Amber Lee (State Bar No. 197329)
slee@rjo.com
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for Defendant
DOUGLAS JAE WOO KIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS JAE WOO KIM,<br><br>Defendant. | Case No. 3:21-CR-00164-CRB-1<br><br>**DEFENDANT'S PROPOSED SCHEDULE**<br><br>Date: August 21, 2024<br>Time: 1:30 pm<br>Judge: The Hon. Charles Breyer |
|---|---|

Pursuant to the Court's request at the last status conference in this matter on July 24, 2024, Mr. Kim proposes the following scheduling order.

## I.     INTRODUCTION

The government's second superseding indictment (SSI) adds allegations concerning loans in late 2023 to 2024.  (Dkt. 195 at ¶¶ 22-30).  According to the SSI, Mr. Kim's scheme to defraud had two parts, *i.e.*, the first part began in 2017 and continued to 2020 (*id*. at ¶ 17) (the 2017-2020 scheme), there was a three-year hiatus, and then the second part began in 2023 and continued to 2024 (*id.* at ¶ 22) (the 2023-2024 scheme).  The SSI makes no allegations that Mr. Kim did anything in furtherance of a scheme to defraud during the three-year gap between 2020 and 2023.  (*Id*. at ¶ 21-22).  Among the differences between the 2017-2020 and 2023-2024 alleged schemes, there is no overlap of lenders between the 2017-2020 scheme and the 2023-2024 scheme, Mr. Kim resided in Los Angeles during the 2023-2024 scheme and did not during the 2017-2020 scheme, and he allegedly failed to

inform the 2023-2024 scheme lenders he had been charged in the 2017-2020 scheme.

An issue raised in the SSI is whether there is a single scheme as it alleges or two separate schemes – in which case the counts alleged in the SSI are duplicitous. If duplicitous, the government could be required to elect which scheme on which to proceed. *United States v. Hinton*, 127 F.Supp.2d 548, 556 (D.N.J. 2000). The alleged 2023-2024 scheme, however, occurred exclusively in Southern California where he was residing in 2023-24 and there is no basis for venue in the Northern District of California (save for the allegations in SSI's count seven discussed immediately below). If the SSI's charges are duplicitous and there is no venue for the 2023-2024 scheme in the Northern District of California, the allegations relating to the 2023-2024 scheme should be dismissed.

The SSI does add a single substantive wire fraud count, count seven, involving the alleged 2023-2024 scheme. Aside from the allegations that there was a single overarching scheme encompassing the 2017-2020 and the 2023-2024 schemes, there are no allegations in the SSI that there is venue in the Northern District of California for the 2023-2024 scheme aside from count seven. Count seven's venue is based on the allegation that Mr. Kim sent an "electronic message" while on board a flight from Los Angeles to San Francisco. (Dkt. 195; count seven). While the government had previously represented it intended to establish venue based on a more traditional theory,[1] it was apparently unable to do so. Its theory for venue now rests on extending *United States v. Lozoya*, 982 F.3d 648 (9th Cir. 2020), involving the proper venue for an assault that occurred on an airplane mid-flight, to wire fraud. Given the Ninth Circuit's struggles in *Lozoya* (it reversed a lower court panel *en banc* with dissents), Mr. Kim is dubious that the Ninth Circuit would extend *Lozoya* to mid-air texting to establish venue for wire fraud.

Even assuming there is venue for the charges in this district, Mr. Kim intends

---

[1] According to the government, Mr. Kim used Juno Finance to execute the 2023-2024 scheme. (Dkt. 190 at fnt. 1). It claimed that "Juno's United States office is in San Francisco, and Kim's bank statements show certain debit card transactions with Juno that were part of the scheme for which the description on the bank statements includes "San Francisc [sic] CA." (*Id*.). "In addition, IP records indicate that Kim was present in San Francisco during part of the scheme and that he executed Juno transactions while in the Northern District of California." (*Id*.). It apparently has abandoned this more traditional theory of establishing venue by movement of funds.

Page 2

DEFENDANT'S PROPOSED SCHEDULE – Case No: 3:21-CR-00164-CRB-1

576377.1

to challenge joinder under *Fed.R.CrimPro*. 8 (improper joinder) and 14 (prejudicial joinder).

## II. PRETRIAL MOTIONS

### A. Discovery Motions

Mr. Kim intends to file discovery motions directed at whether the government misused the grand jury to investigate the charges that already were pending in the superseding indictment filed on June 8, 2022 (SI) (Dkt. 51). The SI alleged that Mr. Kim perpetrated a scheme beginning in or around October 2017 to defraud individuals of cryptocurrency and money (*id*. at ¶ 17). The SSI alleges the same conspiracy beginning in or around October 2017 to defraud individuals of cryptocurrency and money (Dkt. 195 at ¶ 17).

Mr. Kim understands from the government's representations that it has made extensive use of the grand jury since at least January of 2024 in investigating the allegations in the SSI. The government has produced a fraction of the grand jury subpoenas and no grand jury transcripts.[2]

In addition, he intends to move the court for a bill of particulars pursuant to *Fed.R.Crim.Pro*. 7(f). The SSI alleges that Mr. Kim engaged in a scheme to defraud beginning in or around October 2017 "until at least in or around October 2020." (Dkt. 195 at ¶ 17). The SSI then alleges that the scheme continued "[b]egining no later than approximately June 2023 and continuing until at least in or around April 2024." (*Id.* at ¶ 22). The SSI, however, makes no allegations that Mr. Kim did anything in furtherance of any alleged scheme during the three-year period between 2020 and 2023. (*Id.* at ¶ 21-22).

The government has provided no discovery thus far as to any activity during that period in furtherance of Mr. Kim's alleged scheme to defraud. Mr. Kim intends to seek a bill of particulars directed at identifying the government's theory as to how it intends to prove there was a single scheme to defraud spanning seven years from 2017 to 2024 that continued throughout three years between 2020 and 2023 during which there was no activity.

He may file additional motions for discovery as his review of the new

---

[2] Based on Mr. Kim's review of the discovery thus far produced, the government apparently issued 43 grand jury subpoenas this year. Eight have been produced. Prior to this year, the government issued 71 grand jury subpoenas for a total of nearly at least 114 grand subpoenas in investigating Mr. Kim.

allegations and discovery continues.  Mr. Kim requests a 35-day schedule on his discovery motions.

### B.    Motions to Dismiss for Lack of Venue

The government has alleged 17 counts of wire fraud in the SSI.  Sixteen of the seventeen counts allege acts prior to October 2020 which were identical to counts alleged in its prior SI.  The sole exception is count seven which alleges that in April 2024 Mr. Kim texted a lender while on a flight from Los Angeles to San Francisco.  The government's theory of venue rests solely on extending a recent Ninth Circuit case, *United States v. Lozoya*, 982 F.3d 648 (9th Cir. 2020), involving the proper venue for an assault that occurred mid-flight.  In *Lozoya*, the Ninth Circuit struggled with finding venue based on a statute applying to offenses involving interstate transportation, which travel on a flight certainly was.  To find venue, the Court would need to extend *Lozoya* to acts not involving interstate transportation despite case law that venue for wire fraud exists only where there is a direct or causal connection in the district with the misuse of the wires.  *e.g.*, *United States v. Pace*, 314 F.3d 344, 350 (9th Cir. 2002).

### C.    Motions to Dismiss/Sever

Mr. Kim may move to dismiss the SSI for misuse of the grand jury.  In addition, if the Court finds that there are two schemes to defraud separated by three years of inactivity, he may also move to sever or strike the portions of the SSI relating to 2023-2024 scheme and/or dismiss those allegations for lack of venue.  Depending on the Court's rulings, he could move to sever the allegations concerning the 2023-2024 scheme and count 7 pursuant to *Fed.R.Crim.Pro*. 8 (for misjoinder) and 14 (for prejudicial joinder) even if the Court finds venue.  He may file additional motions as his review of the new allegations continues.

Mr. Kim requests a 35-day schedule on his substantive motions following resolution of his discovery motions and production of any additional discovery.  He requests a phased schedule because he probably would not be able to file his substantive motions without a ruling on his motions for additional discovery and production of any additional

discovery, particularly on his grand jury misuse motion. Without a phased briefing schedule, he would likely have to seek relief to file his substantive motions after reviewing any additional discovery.

### III.   TRIAL DATE

Mr. Kim believes it is pre-mature to set a trial date at this time. Extensive motions practice is required because the government decided to expand the case to allegations which occurred three years after the allegations contained in the SI. Given his limited resources, it would be unfair to require him to prepare to defend against the new allegations which may ultimately not be in this case. While the government has brought only a single additional count involving the 2023-2024 scheme because of lack of venue, it has not committed to limiting the number of loans it intends to prove in connection with the 2023-2024 scheme. Mr. Kim would be obliged to investigate and defend all possible allegations. He would not likely know whether he would face the allegations from the 2023-2024 scheme until the end of the year around the holidays, too late to begin preparations for a late January 2025 trial date. Mr. Kim renews his offer made at the last hearing on this matter to proceed to trial in short order if the government dismisses the SSI and proceeds on the allegations in the SI.[3]

### IV.   CONCLUSION

Mr. Kim requests that the Court set dates for discovery motions on a 35-day schedule and schedule a trial date after his challenges to the second superseding indictment have been decided.

Dated: August 16, 2024                    ROGERS JOSEPH O'DONNELL

By: /s/ Dean D. Paik
　　DEAN D. PAIK
　　LAUREN K. SUJEETH
　　S. AMBER LEE
　　Attorneys for Defendant
　　DOUGLAS JAE WOO KIM

---

[3] The government has been largely responsible for the delay in this case since 2020. Indeed, the most recent delay arises from the charges in the SSI.

Page 5